## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No:

**KIMBERLY HUDGE,**

    **Plaintiff,**

**v.**

**RACETRAC PETROLEUM, INC.,**

    **Defendant.**

_____/

### <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant RACETRAC PETROLEUM, INC. ("RaceTrac") hereby removes to this Court the action filed against it in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 21-4697CA-01. As grounds for removal of this action to the United States Court for the Southern District of Florida, Miami Division, RaceTrac states as follows:

### <u>INTRODUCTION/FACTUAL BACKGROUND</u>

1.     This Complaint arises from the Plaintiff, KIMBERLY HUDGE, allegedly ingesting disinfectant from a tea dispenser at RaceTrac's gas station located at 14201 NW 57th Ave., Opa-locka, Florida, 33054. Plaintiff claims that she poured herself several samples of tea, but none of the samples tasted sweet. When she reported this issue to the manager, she was allegedly informed that the tea machine was being cleaned and she had ingested disinfectant. [Ex. "1", Compl. at ¶ 8.] Plaintiff alleges that she sustained loss of organ function from the incident. [*Id*. at ¶ 9.]

2.      As a result, Plaintiff filed a Complaint for premises liability in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the Circuit Court file for Case No. 21-4697CA-01 are attached hereto as Exhibit "1".

## GROUNDS FOR REMOVAL

3.      Removal is proper in this case based on diversity jurisdiction. A District Court's diversity jurisdiction may be invoked where there is complete diversity between the parties at interest properly joined and served and where the matter in controversy exceeds $75,000.00.  Both requirements are met in this case.  *See* 28 U.S.C. § 1441.

4.      In order to determine diversity jurisdiction, this Court should look to the "totality of the evidence." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

## DIVERSITY OF CITIZENSHIP EXISTS

5.      Diversity of citizenship exists when a suit is between citizens of different States. 28 U.S.C. § 1332 (a)(1).  Here, there is complete diversity of citizenship between Plaintiff and RaceTrac because they are citizens of different States.

6.      Plaintiff alleges that she "was and is a resident of Miami-Dade County, Florida." [Compl. at ¶ 2.] Plaintiff also states that she has lived at her current address in Miami for the last seven years, and before that, she lived in another Miami address.  She has not listed any out-of-state address of domicile for the last ten years. [Ex. "2", Plaintiff's Redacted Answers to Defendant's Interrogatories, Numbers 1 and 3.] "There is a presumption that the state in which a person resides at a given time is also that person's domicile for purposes of diversity jurisdiction." *Jones*, 141 F. Supp. 2d at 1355. Since there is a lack of any allegation or discovery response that the Plaintiff was domiciled or a citizen of anywhere but Florida, the Court may presume, until

controverted by fact, that the Plaintiff is domiciled in Florida and is a citizen of Florida. *See*

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011). Therefore,

for diversity determination, Plaintiff's citizenship is established in Florida.

7.      For the purposes of establishing diversity jurisdiction, "a corporation shall be

deemed to be a citizen of any State by which it has been incorporated and of the State where it has

its principal place of business." 28 U.S.C. § 1332(c)(1).

8.      Plaintiff alleges that RaceTrac was a "business registered to operate in the state of

Florida and maintained a property for the regular transaction of its business in Miami-Dade

County, Florida." [Compl. at ¶ 3.]  However, for purposes of diversity jurisdiction, the Court must

look to the state of incorporation and principal place of business. Defendant RaceTrac is a Georgia

corporation with its principal place of business in Georgia.  [Ex. "3", Florida Department of State

printout.]  Thus, Defendant RaceTrac is a citizen of Georgia.

9.      Plaintiff is a citizen of Florida and RaceTrac is a citizen of Georgia.  Therefore,

diversity of citizenship is complete since the Plaintiff does not share citizenship with RaceTrac.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10.     The Plaintiff's claim in this matter exceeds $75,000.00, exclusive of attorney's fees

or costs.

11.     In the Complaint, Plaintiff claims the damages are in excess of $30,000 and

otherwise does not demand a specific sum.  [Compl. at ¶ 1.]

12.     On June 16, 2021, Plaintiff denied that the amount in controversy exceeds

$75,000.00. [Ex. "1", Plaintiff's Response to RaceTrac's Request for Admissions.]

13.     However, on July 20, 2021, Plaintiff abandoned that position and served a Proposal

for Settlement ("PFS") on RaceTrac in the amount of $1,000,000.00. [Ex. "4", Plaintiff's PFS to

RaceTrac.]  Plaintiff does not make a claim for attorney's fees as part of the PFS. [*Id.*]

14.     Plaintiff specifically alleges that she suffers from "loss of organ function," which is permanent and ongoing. [Compl. at ¶¶ 9, 11.]

15.     As of the date of this filing, Plaintiff has approximately $43,886.46 in total medical bills. [Ex. "5", Plaintiff's pre-suit demand, stating medical bills totaled approximately $32,810.82; Ex. "6" Plaintiff's medical bills, including post-demand bills.] Plaintiff has continuously treated since the date of filing the Complaint, with the most recent known date of treatment occurring on June 4, 2021.    [*Id.*] Plaintiff further claims that she will require a lifetime of the medication omeprazole as a result, which she states will cost $21,600.00, and has made claims for past and future pain and suffering.  [Ex. "5"; Compl. at ¶ 11.]

16.     Although RaceTrac denies any liability in this matter, a reasonable reading of Plaintiff's claims of permanent organ damage, medical bills, future medical care expenses, in conjunction with Plaintiff's PFS for $1,000,000.00 establishes that the amount in controversy exceeds $75,000.00, exclusive of attorney's fees and costs.

## **REMOVAL IS TIMELY AND OTHERWISE PROPER**

17.     Removal in this case is timely because it filed within thirty days of Plaintiff serving her PFS for $1,000,000.00.

18.     The federal removal statute provides for two points in time at which removal may be appropriate. First, where grounds for federal jurisdiction exist on the face of the complaint, defendants shall remove within 30 days of service. 28 U.S.C. § 1446(b)(1).  Second, as applicable here:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id*. § 1446(b)(3).   Here, grounds for removal did not exist on the face of the complaint.  Plaintiff

did not allege an amount in controversy that exceeded $75,000, and Plaintiff subsequently denied

that the amount in controversy exceeded $75,000.  However, Plaintiff abandoned the position that

the amount in controversy did not exceed $75,000.00 when she served her PFS on RaceTrac for

$1,000,000.00.  Courts routinely construe proposals for settlement as being "other paper" that can

serve as basis for removal. *See, e.g., Martin v. Mentor Corp.,* 142 F. Supp. 2d 1346, 1349 (M.D.

Fla. 2001) ("Defendant Mentor relied properly on Plaintiffs' Proposal, containing the demand for

$175,000, as an "other paper" from which it could determine the case was removable because the

amount in controversy requirement was satisfied.") Since removal is filed within thirty days of

Plaintiff's PFS, the removal is timely.

19.     Under 28 U.S.C. § 1441(a), venue properly rests in the Miami Division of the

United States District Court for the Southern District of Florida, as this action is being removed

from the State Court where it was originally filed in the Eleventh Judicial Circuit, in and for Miami-

Dade County, Florida.

20.     There is no other defendant named in this action. Therefore, RaceTrac does not

need to obtain the consent from any other party prior to removal.

21.     Written notice of this filing is being promptly given to counsel for Plaintiff and a

Notice of Filing this Notice of Removal is being promptly filed with the Clerk of Court of the

Eleventh Judicial Circuit, in and for Miami-Dade County, Florida., as required by 28 U.S.C.

§ 1446(d).  A copy of this Notice is attached hereto as Exhibit "7".

WHEREFORE, for the reasons stated above, RaceTrac has removed the action presently

pending against it in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case

No. 21-4697CA-01 to the United States District Court for the Southern District of Florida, Miami Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of August 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to all counsel of record on the service list below.  I further certify that I mailed the foregoing document and the Notice of Electronic Filing by first-class mail to the non-CM/ECF participants as indicated.

/s/ Petra L. Justice
Petra L. Justice, Esquire
FBN: 0056109
Email: service-pjustice@bankerlopez.com
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd., Ste. 1700
Tampa, Florida 33614
Phone: (813) 221-1500
Attorney for the Defendant

## SERVICE LIST

Jessica A. Orenstein, Esq.
Morgan & Morgan, P.A.
703 Waterford Way
Ste. 1050
Miami, FL 33126
jorensteine@forthepeople.com
malsopp@forthepeople.com
Attorney for Plaintiff